CARLISLE NORWOOD, JR., AND ANOTHER, *against* RICHARD G. BARCALOW.

(Decided June 28th, 1875.)

The defendant applied to a savings bank in the city of New York for a loan of money upon the security of a mortgage on real estate, and was promised the loan in case his title to the real estate proved satisfactory. He was referred to the plaintiffs who were the bank's regular attorneys, and called upon them, and left with them his abstract and muniments of title, and the plaintiffs thereupon examined the title and rejected it: *Held*, that the relation of attorney and client did not exist between the plaintiffs and defendant, and that, in the absence of an express contract, or of proof of a custom that in such a case, the person applying for a loan should pay the expenses of examining his title, the defendant was not liable therefor to the plaintiffs.

APPEAL by plaintiffs from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court entered on the verdict of a jury rendered by direction of a judge of that court at trial term.

The plaintiffs were attorneys at law and of counsel for the Bowery Savings Bank. The defendant applied to that bank for a loan upon certain real estate, which the bank consented to make in case his title proved satisfactory, and referred the defendant to plaintiffs, as its attorneys, to examine the title of the premises upon which the loan was to be made. The defendant called upon and left with the plaintiffs his abstract and muniments of title, for an examination thereof.

*Norwood v. Barcalow.*

After such examination, the plaintiffs declined to pass the title to said premises, on account of an alleged defect therein, and said loan was never made.

Plaintiffs then brought suit to recover their fees for the examination of said title, and the necessary disbursements incurred therein.

*Carlisle Norwood, Jr.*, for appellants.

*Albert Cardozo*, for respondent.

LARREMORE, J.—There is no legal principle upon which this action can be sustained. The plaintiffs were attorneys of the Bowery Savings Bank, and that relation, in the absence of any express agreement, was incompatible with the existence of any duty which they owed to the defendant.

This feature of the case distinguishes it from the class of cases upon an implied assumpsit, where a relation exists between two parties which involves the performance of a duty by one, and payment or recompense by the other, in which instance the law implies, and the court may infer, a promise (*Ogden* v. *Saunders*, 12 Wheat. 341 ; *Jackson* v. *Executors of Le Grange*, 3 Johns. 201).

But the evidence in this case warrants no such inference. The plaintiffs were employed by the bank to discharge a certain duty in reference to the safety and security of the proposed loan. It would have been competent for said bank to have exacted from the defendant the payment of the fee for examination of the title, as a condition precedent to said loan, but there was no such proof; nor was any general usage or custom as to the payment of fees in such cases, shown to exist.

The conclusion therefore is inevitable, that the judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment affirmed.