## N. Y. COMMON PLEAS.

EDWARD F. BROWN, respondent, agt. MARIANNA GENET, appellant.

*Liability of borrower for fees and charges of an attorney who searches title at the request of the party proposing to make the loan.*

An attorney who searches title for a person desiring to borrow money on bond and mortgage, in the absence of an express agreement is not entitled to maintain an action against such borrower for his fees and charges for such services.

In the absence of such express agreement there is no privity of contract existing.

*General Term, March,* 1882.

*Before* VAN BRUNT, J. F. DALY *and* VAN HOESEN, *JJ.*

APPEAL from judgment of the general term of the marine court, affirming a judgment of the trial term in favor of the plaintiff by direction of the presiding judge.

The plaintiff was an attorney. The defendant desired a loan of money on bond and mortgage and applied to one Mrs. Ketcham, who agreed to loan $5,500 on bond and mortgage on a lot of land in West One Hundred and Twenty-fourth street.

At request of Mrs. Ketcham the plaintiff searched the title and rejected it. He sued defendant upon an alleged retainer of defendant for his services in searching.

No special contract of retainer was proven beyond the fact that defendant desired the loan and Mrs. Ketcham desired the title searched to ascertain if the security was ample.

Plaintiff supposed that an implied retainer sprung out of this state of affairs.

*Charles Blandy*, for appellant, argued that no privity of contract existed between plaintiff and defendant, and cited *Norwood et al.* agt. *Barcalow* (6 *Daly*, 117).

*Joseph D. Fay*, for respondent, cited same case.

PER CURIAM. — The court is of the opinion that the case of *Norwood et al.* agt. *Barcalow* (6 *Daly*, 117) presents precisely the same question as the one at bar, and it necessarily controls the decision of the case at bar.

There is no proof in this case of either retainer or of any custom by which any liability would be fastened; under the evidence as established, upon the defendant.

In the absence of that proof there would be no implied liability for the reason that the duty which was performed by the plaintiff was performed for his client, namely, Mrs. Ketcham, and under the circumstances no recovery should be had unless there was some retainer or some custom on which an implied liability might be founded.

Judgment reversed, with costs to appellant to abide event.